# IN THE SUPREME COURT OF THE STATE OF DELAWARE

SYLVESTER MILLER, §
§ No. 553, 2016
    Defendant Below- §
    Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, §
§ Cr. ID 0408012099
    Plaintiff Below- §
    Appellee. §

Submitted: December 28, 2016
Decided: February 24, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices

## ORDER

This 24th day of February 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Sylvester Miller, filed this appeal from the Superior Court's denial of his motion for correction of sentence. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) In March 2005, a jury convicted Miller of six counts of Rape in the First Degree and one count of Continuous Sexual Abuse of a Child. The Superior Court sentenced Miller to serve a total of 92 years in prison, followed by a period of probation. This Court affirmed Miller's convictions and sentences on direct appeal.[1]

---

[1] *Miller v. State*, 893 A.2d 937 (Del. 2006).

(3) After several unsuccessful motions seeking postconviction relief,[2] Miller filed his most recent motion in August 2016, seeking correction of an illegal sentence under Superior Court Criminal Rule 35(a). Miller's motion asserted that his sentence is illegal because: (i) the State violated principles of double jeopardy by indicting and convicting him multiple times for the same offense; (ii) his DNA and other evidence was illegally seized without a warrant; and (iii) his sentence constituted cruel and unusual punishment because he is innocent. The Superior Court denied Miller's motion, finding that the motion rehashed arguments that previously were raised and rejected. The Superior Court also concluded that Miller's double jeopardy claim lacked merit. This appeal followed.

(4) The narrow function of Superior Court Criminal Rule 35(a) is "to permit correction of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[4]

---

[2] *See, e.g., Miller v. State,* 2008 WL 623236 (Del. Mar. 7, 2008) (affirming the Superior Court's denial of Miller's first motion for postconviction relief).

[3] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998) (*quoting Hill v. United States,* 368 U.S. 424, 430 (1962).

[4] *Id.*

2

(5) Miller's claims of innocence, improper charging, and illegal seizure of evidence were not properly raised in a motion for correction of sentence and were simply Miller's attempt to avoid the procedural bars of Superior Court Criminal Rule 61(i). To the extent Miller's motion claimed that his sentences violate double jeopardy by punishing him multiple times for the same offense, we agree with the Superior Court that there is no merit to this claim. As this Court noted in Miller's direct appeal, the victim testified at trial to six specific instances of sexual assault committed by Miller.[5] Thus, his claim that he is being punished multiple times for the same offense is incorrect. Neither his convictions nor his sentences violate principles of double jeopardy.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] *Miller v. State*, 893 A.2d at 941.